v. Flaugher for the appellant, Aubrey Gale, and for the appellant, Anastasia Brooks, case number 4100682, you may proceed. We recognize that this court has some familiarity with this case, having seen it in the not-too-distant past. However, we would like to suggest that looking at the bigger picture, kind of the end result, the outcome of what has happened to Mr. Flaugher in this situation, we would like to request that this panel take another look at certain events which have transpired. In summary, what took place with Mr. Flaugher is that in 1990 he made a series of poor choices, committed some very serious crimes, for which he was ultimately convicted in both state court and in federal court. While there can be no question that these crimes were very serious, nevertheless, in the final analysis, we have a situation in which no one is dead, no one is maimed, no one is permanently disfigured and disabled, and yet, because of the interplay of some very complex statutory schemes at issue in this matter, Mr. Flaugher, according to the current status of this case, is looking at the functional equivalent of a life sentence. More specifically... Wasn't he convicted of attempted murder? Pardon me? Wasn't he convicted of attempted murder? He was convicted of attempted murder. So that means with the intent to kill someone, he just couldn't get the job done? You're arguing to us as if we're supposed to feel some sympathy for his plight? I understand. I'm not suggesting that these offenses were not serious. It seems to me what you are suggesting is that he had a bad hair day or something, your counsel. Well, I think that the point that I'm getting at, however, is that in 2008, Judge Greenleaf at the trial court level conducted a two-day hearing in which he heard the testimony of eight witnesses, including the defendant, including the defendant's wife, who is here today, and made a finding of fact that the defendant had spent the last 17 years of his life sitting in a prison, had conducted himself admirably during the course of that time, had obtained education and was fully rehabilitated and was no longer a danger to society. Well, why isn't this matter addressed to the governor for commutation instead of the courts? Well, because we believe that there are two ways in which we think that this administration of this case has gone awry, because we feel that this result ultimately does not comport with justice and does not comport with the directives that are stated in the Illinois Constitution and in the statute, which states that punishment for criminal offenses should be designed both to punish the seriousness of the offense and with the objective of restoring the offender to useful citizenship. So 18 years after the fact, after a sentence, this is an appropriate time to let's see whether the sentence imposed is appropriate? Well, I think what is the primary distinguishing factor here is that we have in 2008, we have a specific factual finding from a trial court judge who had the opportunity to observe not only the defendant, but as well the victims, to observe a variety of additional factors that were not available for consideration in 1991 and to make a factual finding that the defendant was fully rehabilitated, no longer a danger to society, had conducted himself admirably in the course of the time from 1991 to 2008 and that therefore the interests of justice were best served by permitting, in that instance was by permitting credit against his Illinois state sentence for the time he had spent in federal custody, but additionally we argue today that the simple fact of the matter that the state sentence was stayed for what amounted to 17 years was in and of itself a void and unauthorized action by the trial court dating all the way back to 1991, which would render the sentence unenforceable today. And I think when you look at the law, I think it's fairly clear under Illinois law that a trial court does not have the authority to indefinitely stay in position or execution of a sentence, which as much has been conceded by the government. I think this court previously found in its 2009 opinion regarding this case that in fact the execution of the sentence was stayed. We have additionally pointed out to the court... Counsel, did you say that the state has conceded the issue that the stay was invalid? The state has conceded that in their brief they have conceded that a trial court does not have authority to indefinitely stay in position or execution of a sentence. But the key word there is indefinite, isn't that correct? Well, I think that the state was indefinite. How was it indefinite when it was subject to the expiration of a fixed sentence by the federal government? Because at the time that the stay was imposed, there was no fixed sentence by the federal government. I understand that, but there was going to be a sentence. There was going to be a sentence. Everybody knew there was going to be a sentence, whether it was one year or 20 years, there was going to be a sentence. So it was not indefinite because it was subject to whatever the federal government did. Well, but there's a series of cases in Illinois law that indicate that, I mean, the type of language even that's left in that... that's stated in that order, stay in the execution, is impermissibly vague. And did any of those cases that you are talking about have this kind of a situation where a stay of a state sentence was limited temporarily to the imposition of another sentence, which was a fixed amount? Several of them included situations, yes, where it was stated, you know, to be consecutive with, you know, currently pending a case or, you know, to be consecutive to any and all additional sentences that may be imposed against this defendant. And I would say in this case, you know, in those cases that are cited in the brief and in the reply, those dealt with matters that were within the Illinois state court's jurisdiction. I would argue that this is an even more indefinite stay on account of the fact that we're dealing with... What's your best case on this issue? Well, the series of cases would be Dennison, Ferguson, and Simmons. In terms of, I would need to go back and review the cases independently in order to, you know, establish and inform the court, which I guess is best. But all three support your argument. And that if language within that sentence is impermissibly vague, then that language is void. And with no reference in this instance to a particular charge, a case number, or even a specific federal jurisdiction, or specific place or location where he was being held, we would argue that that was impermissibly vague and indefinite. But moreover, the fact being that the trial court at the time of imposition of this sentence had no authority to order that this state sentence run consecutive to the not yet imposed federal sentence. And there's a whole series of cases which would support this. And so to simply stay execution of the sentence to accomplish by a circuitous manner what the trial court had no authority to accomplish in 1991 when it sentenced defendant, we would argue is not permissible. And that that, you know, at the time, you know, when he was released, stayed until release from federal custody, that could have been one year, five years, six years, ten, that amount of time was unknown. What was known is that the trial court did not have the authority to sentence him and mandate that that sentence run consecutively to the not yet imposed federal sentence. Had he already been sentenced by the federal court and the trial court ordered this sentence to run consecutively to the sentence imposed by the federal court, would there have been a problem with it? I think not. But I think that that's the way that the Illinois statutory scheme works, which is that the second jurisdiction imposing a sentence is the one that has the authority to make the determination as to how that sentence should run in relation to the prior imposed sentence. Well, if it were erroneous, certainly for the moment, why would it be void? And if it's not void, then you can't bring an appeal 20 years after the fact, can you? I didn't understand your question. I apologize. We constantly hear and we constantly reject this court's arguments that sentencing orders, mistakes occurred in the sentencing hearing, which rendered the sentencing void, such as the court considered factors that were inherent in the crime when imposing sentence, and therefore the order was void. We say, no, the order wasn't void. It might have been an erroneous order if it had been appealed in a timely fashion and we might have been able to grant you some relief. Assuming that it's possible to impose a consecutive sentence to a federal sentence, perhaps if a timely appeal had been made by this defendant on that ground 20 years ago, it might have found it to be erroneous. But at this point, rather more than 30 days has passed since that order was entered. So it seems to me the only basis you have to even ask us to consider this is to argue that the sentencing was void. I want to know on what basis that argument can be made. Well, in the first place, sentencing the federal court was not actually imposed until some, I believe, eight months subsequent to the imposition and stay of execution and sentence in this case. Why does that matter? Well, because by the time the federal sentence was imposed, the 30-day limit on filing an appeal was well past due. Well, he could have appealed on the grounds that you're making now. You can't impose a sentence based upon a federal sentence, a consecutive federal sentence that hasn't yet been imposed. Why couldn't that have been raised then? Well, I think that the issue is that it wasn't imposed based on the federal sentence. It was imposed and then execution was stayed. But I think it was unclear what the court's intent was in terms of staying that sentence. But didn't your client have 30 days after the federal sentence was handed down to go back to the state court and then ask that the state sentence not be consecutive to the federal sentence? Well, I don't think that it was understood by anybody at that time what the intent of the trial court was with respect to the sentence. But my question is, isn't there a statutory provision which would have allowed your client within 30 days after the federal sentence was handed down to go back to the state court? There is currently. Unfortunately, I can't tell you whether that statutory provision was enforced in its current form back in 1992, I think June of 1992, when the sentence was imposed in federal court. However, I mean, in order for him to have endeavored to act upon that sentence, he would have had to understand what the trial court's intent was with respect to the state sentence, which is for which reason we submitted a portion of the federal... What portion of the trial court's intent is unclear to you? Well, whether the intent was that the sentence should run concurrent, consecutive, how it would be imposed... Did the judge say it's supposed to run consecutively to the federal sentence to be imposed? The judge did not say. The trial court judge said, I'm not considering the federal case. What did he say about sentence? He didn't say anything with respect to the federal sentence. I mean, he said that he was staying execution of this sentence until... Well, the uncertainty you argue to us today that exists in that sentencing existed 20 years ago, didn't it? It did exist 20 years ago. Why couldn't your client have appealed on that basis then? Because I don't believe that it was clear that things would play out the way that they have played out or what the intent was at the time. You could have appealed on the grounds of this is an improper sentence and sought some relief in a timely fashion, couldn't you? The impropriety of the sentence that you're arguing to us now is present 20 years ago. There's nothing new about it. Well, I mean, if it was void then, it's void now. Well, so voidness is essentially the only argument you can make, isn't it? I mean, the distinction here, I mean, I think, of course, I mean, obviously, we're past the point of arguing that, you know, the sentence... So it's not just the sentencing error. It's an error because the sentence was without the court's authority as to render it void. Was without the court's authority to stay its execution for this amount of time, which is what the series of cases that are cited in the briefs, the Adams, Shattuck, Boehner v. Barrett, Fenske, Klein, and Shalman, all of them indicate the same thing. In all of those cases at the time, sentence was, some of them involved where the imposition of sentences stayed. Several of them involved where the sentence is imposed, but the execution is indefinitely stayed. And the issue at that time is not whether the court had authority to impose the sentence that it did when it imposed the sentence that it did, but whether it had the authority to stay the execution of the sentence indefinitely. And in those cases, it was held that by virtue of the indefinite stay, the sentence then itself became void and unenforceable because the court lacks the authority to stay a sentence indefinitely, which is what transpired here. And I certainly don't think that the defendant should be penalized for the actions of the trial court in staying execution of a sentence for what amounted to 17 years, particularly when the defendant had no way of knowing at the time that this order was made how long this stay would be, or what the ultimate outcome would be, or what the intent of the trial court at the time of imposing the sentence was. On page 24 of your brief, you ask this court to reconsider a decision that rendered almost 30 years ago. What's the authority for us to do that? What procedural authority can you cite in asking us to do that? Well, the authority of the appellate court, as the panel obviously is well aware, is established by rule. Well, once we make a decision, you can file a petition for rehearing, and if we deny it, you can file a petition for leave to appeal to the Supreme Court. How do you come back two years later, however, and say, by the way, that decision you rendered was wrong, and we want you to reconsider it? What's the procedural authority for that? Well, because what we have argued here is that when this court previously applied Section 584H in its 2009 ruling, that Section 584H statutorily had no application in this context. That being the case, for this court to apply that statute in order to reverse a trial court's ruling and decision-making, constituted an action which was in excess of its authority. So we were wrong. But that's not my question. My question is, what is the procedural authority you can cite to ask us two years after the fact to reconsider a decision we rendered? Because if the court lacked the authority to make that ruling, then that exceeded its jurisdiction, and therefore that ruling was wrong.  What's the authority you can cite for that? What precedent for asking the appellate court to reconsider its decisions on the ground they're void? Well, a void order can be challenged at any time. Do any of the cases you cite deal with void orders by the appellate court? I don't know that that's the case, no. I would have to review all of the cases that have been cited with respect to the void order. I don't know that I've seen a specific factual scenario like this in which the action that's alleged to be void would have been an action of the appellate court itself. And did you file a petition for re-hearing with this court two years ago after our decision came down? Prior counsel was involved in the case at that time, but yes, I believe a petition for re-hearing was filed. And a petition for leave to appeal to the Supreme Court? I believe a petition for certiorari was filed as well. Counsel, you don't have time on your phone. Thank you. Ms. Brooks? May it please the court and counsel, my name is Anastasia Brooks and I represent the people in this case. I believe this court does raise valid concerns about the propriety of this court's review of the matter at this stage. Because of the fact that it's being based on allegations of void order, however, setting those aside, I would like to talk about the merits of the case. Because if this court does reach the merits, I feel it's important to establish that. Even if this court could review this judgment so many years after the fact that it was still a proper one and should be sustained on that ground in any event. With respect to the Section 584H, the separate felony committed on pre-trial release. The defendant's argument being that a federal sentence, a federal offense, is not considered an offense under Illinois law, but yet the definitions in Section 5115, which were omitted, the part which was omitted from the defendant's brief, contains reference to rules of any governmental instrumentality. And because when this court, in the previous decision, had followed Clark's interpretation, a decision by the Supreme Court of Illinois, plus the fact is that these definitional sections are not completely binding if there is an intent otherwise, and in fact that the 584H has been construed as intending to protect community and to deter released felons from committing more crimes. So essentially, if this court were to construe 584H not to apply to federal offenses, a defendant who is on pre-trial release, could essentially commit federal crimes or crimes in other states, like what Clark was a case involving Missouri offense, could commit those crimes in full knowledge that any sentence would have to be concurrent, unless there was some other reason why it would be consecutive. So that would defeat the purpose of 584H, and that's why the construction that was adopted by this court should be upheld here, particularly because doctrines such as stare decisis apply with particular force in the context of statutory interpretation, where ever since Clark, it's not apparent that the legislature has filed any, amended the statute in any way in order to counteract the interpretations adopted by Clark and also by this court. So the legislature is acquiesced in that interpretation and that strong evidence of its intent that this court's decision was correct. So 584A1, a separate provision, applies when a victim has been severely injured as a result of offenses such as attempted murder, applies here, so that when these provisions act, so that these sentences must be scored, the defendant is served independently, that's additional punishment, that's the whole point of consecutive sentencing. So that is the reason why the defendant was not entitled to credit for time served as he requested, to credit for time spent in federal custody, which is what he requested, because then he's essentially not serving these sentences as additional punishment as the law requires. So at the very least, 584A1... What was his federal conviction? Federal convictions, I believe there were three of them. One was possession of a firearm, which is not as important as the conspiracy to distribute a certain amount of cocaine, I don't remember the amount, which he got. I'm trying to remember, there were sentences of 175 months and 60 months consecutive, the other was Pinkerton, possession of a weapon in conjunction with a drug trafficking crime, and I'm not an expert on federal law or federal sentencing, so that's my understanding of what the record says. These are serious crimes. Were the convictions in this case in the state court of attempted first degree murder of his brother and sister-in-law connected to his federal case? There was no connection factually that I'm aware of. He committed the attempted murders, he made bail very soon after, within days, he got involved in the drug conspiracy, then he gets convicted. In this case, sentenced, and I think before he was sentenced in this case, he was convicted in federal court, federal court sentencing with state, then at that point he gets sentenced in state court, and then later he gets sentenced in federal court, so it's kind of back and forth, essentially. But at the point that he made bail, Illinois lost the custody of his person, so when he's arrested for federal offenses, the U.S. Marshal takes custody of him at that point. And jurisdiction was never waived until his sentences were served, and he was released in, I believe it was 2008. Well, the defendant suggested the federal court increased his sentence because of the state court stage. Does that concern us? No, and the reason why is because it did not really matter from the perspective of the defendant too much, practically speaking, which came first, because he was going to get assessed criminal history no matter which sentencing came first. The Illinois court, by going first, the judge specifically said, I'm not considering, and therefore didn't oppose any aggravation, based on the fact that he had been found guilty of serious federal offenses. That could have been taken into consideration in aggravation had the Illinois sentencing gone second. But when the federal sentencing went second, then at that point he has these preexisting convictions from Illinois state court, which is encompassed in the federal sentencing guidelines and his criminal history score. And I believe the reference in the federal transcript was that it made a two, possibly three-year difference in what they used once, but that would be the practical difference. But however, if the Illinois court had considered the federal convictions in aggravation, then he possibly could have gotten even more time than he did when Judge Pesman, or I believe it was Judge Pesman, did not consider them at all in aggravation. So that's why it doesn't really matter which came first. He was going to have consideration of his criminal history in either case, which went first. He made the argument... Am I correct that the federal court didn't specify whether the federal sentence was to be concurrent or the state sentence, and therefore because there was no determination made by the federal court, the federal law requires it run consecutively? Well, Your Honor, I wouldn't necessarily say that the record establishes that the judge made no determination because I thought I had cited in my brief one of the cases dealing with... I believe it might have been McCarthy v. Goe, cited on page 9 of my brief, because the federal judge knew about the existing sentences, it's reasonable to infer he intended the sentences to run consecutively. I mean, this is an inference to be drawn from the record, that because they're not ordered to run concurrently by federal law, they were to run consecutively. Now, that doesn't necessarily mean that the judge did not determine this, but just merely by not ordering them concurrent, he made them consecutive.  That's not entirely clear, but the inference can be made by not ordering them concurrent. So essentially, when the defendant comes to this court at this point, he claims that he's no longer able to contest the consecutive sentencing that was ordered by the federal court. Now, the only complaint that he raises about this Illinois Circuit Court judge's actions is that the failure to transmit the minimus to DOC and also apparently to the federal jurisdiction, even though there's no requirement, that the federal authorities receive an Illinois minimus, did not have any impact. There's nothing in the record to show, to prove the defendant's claims, that somehow the federal court was misled about the nature of the Illinois judge's sentence, because there was ample discussion in the record about, in reference to the pre-sentence investigation report, that these sentences were out there, and the federal district judge knew about those. So the failure to issue a minimus, for example, is not something that impacted federal sentencing. And to the extent that the defendant's claiming error in federal district court is not something that this court can remedy, it's something that he should have done in federal district court. So for those reasons, there's no basis for disturbing the sentence. But I just wanted to emphasize that 584-H somehow doesn't apply here. That 584-A1 would still deny double credit, sentence credit, for time served in federal custody, at least as to the one count of attempt to murder in which the victim was severely injured. And that finding had been made by Judge Pesman. And there's no way that he would be entitled to sentence credit as to that offense, and that would have to be served, at least that one 15-year serve, of course, subject to day-to-day, because this was an older case, would have to be served independently. I don't know that the defendant is making the argument that the federal sentences was not ordered consecutively, because the defendant's making the argument that the sentencing jurisdiction is the one who decides whether these are consecutive or concurrent. Well, apparently the federal district judge did make these consecutive, and that was the judge who had the authority to decide that. Now, the Illinois court's involvement is when he can come back in and request consecutive sentencing or sentence credit pursuant to the special statutes in which there is a subsequent federal sentencing. However, the state's argument was not that the sentences were consecutive, because they were not ordered to be consecutive to a future term, an unimposed federal sentence term, but that the mandatory consecutive nature of the sentences precludes his application for sentence credit for time served in federal custody. So there was no, in fact, there was no order by Judge Pesman to make these consecutive. It was merely a state of execution, which was brought on by the fact that he was prosecuted by writ, and that the Illinois court had no jurisdiction over his person. He remained in the custody of federal marshals, and they never relinquished or waived jurisdiction over him. So for those reasons, this is not at all like the cases cited in the defendant's brief, in which a convict has been enlarged at the whim of the court or his or her successor in office. What about defense counsel's argument that, as you heard, that the sentence was void? Well, the claim that the Illinois sentences were void, I believe I heard that the claim was that the stay of sentence was void, and even if that were the case, the state had cited authority from the ALR and as well from Illinois cases that shows that the rule that an invalid stay order, if were vacated, it is not going to affect the fact that the defendant still owes service of that sentence to Illinois. Actual confinement unless remitted by law or death. So essentially, unless he obtains clemency or dies. And the fact that there was failure to either stay, whether valid or otherwise, or failure to transmit the witness, or failure to take him into custody, whatever happens in that way, Illinois law, the public policy, is to require convicts to serve their sentences. So that's not going to affect. And the only way he can get around that is to cite the rule that if he's enlarged at the whim of the court, that that's somehow going to preclude Illinois from enforcing its judgment. And that's not at all what happened because he was prosecuted on writ, and there was no possible way for the Illinois court to take him into custody. And it questions what was Judge Pesman's intent here. And there was some reference in the transcripts to a recent unpublished federal decision called Klein v. Kint, I believe. And they were talking about how, I'm not sure if there was some reference to this particular judge in this county, had gotten in trouble by trying to take a prisoner off the DOC when he was never in Illinois. He was not in Illinois at that time. So there was an attempt to be careful about not stepping on the toes of federal authorities who had custody of the defendant and ensured that the law followed, that he had been sent first to federal prison to serve his sentence because that's what was required. Because the federal policy is not to waive jurisdiction when handing over a prisoner for trial by writ of habeas. And the fact is that Judge Pesman's stay did not tie the hands of the federal district court. The federal district court still could have ordered the sentences to be concurrent by providing that he serve his federal sentence in Illinois Penitentiary. But however, and that would have effectively made them concurrent, and that was still within the authority despite the stay. Because at that point he would have been transferred from federal custody, the witness would have had the issue at that point, the stay would have been over. However, what happened is in the transcript there's this out, the federal district court ordered the defendant to serve his time at the Bureau of Prisons, which is in federal penitentiary. So therefore, that was the reason why he's not getting credit for time served in federal penitentiary, because they were made consecutive. So the defendant's arguments about being fully rehabilitated, I'm not exceeding those, I just would make the point that he should be seeking clemency. That's in fact what is the case. And the justice of this result, or the fact that he claims that his continuing incarceration is unconstitutional because he claims he is fully rehabilitated, I have not seen any case cited that shows that continuing incarceration becomes unconstitutional under the state constitution if the defendant becomes fully rehabilitated at some point during the term of the sentence of incarceration. And so the other argument was with respect to the indefiniteness of the stay, the defendant claims the stay is conceded at. It's a brief, I've reviewed my brief today during argument, and I have not seen such a concession of invalidity. In fact, the state has cited Denison in its own brief, and the fact that Denison was concerned about supplementing an order with something outside the order. So here there's no need to construe the order. The order is clear. It says it applies, the stay lasts until he returns from federal custody. And that's paraphrased, but essentially that term needs no construction, and therefore is not invalid pursuant to Denison, and the state does not concede that point. So if this court has no questions, the state requests that this court affirms the judgment, and I thank you. Thank you. I just would like to briefly summarize some of the key points here, which is that one of the primary issues here is a suggestion that he somehow hasn't paid penance or done his time or served his term. You have to speak up a little bit. Hasn't served his term in Illinois, but the fact is that the trial court in 2008 made a finding that he was rehabilitated, that the seriousness of his offenses in Illinois were adequately accounted for by the time that he spent since 1991, over 17 years, and now additional time now that he spent in prison, that the seriousness of the offenses were adequately accounted for by that time that he spent in federal prison, and additionally, that he no longer posed a danger to society, and that he was fully rehabilitated. And yet, for him to be sent back to prison at the age of 64, after spending two years free with no violations, to commence serving two consecutive 15-year terms, it seems that there's a clear, a manifest injustice that's taken place in this case. And what we suggest is that there are two ways that this injustice can be, you know, identified and rectified. The first is the idea that this indefinite stay of sentence, or stay of execution of sentence, dating back to 1991, rendered the sentence void and unenforceable, because contrary to what the state has argued, there is an indication in the record that the federal court was misled about the intent of the trial court, because the government specifically argued at that time that the reason why it was acceptable for the federal sentence to be enhanced on account of the Illinois conviction was because the Illinois state court was prevented from ordering them to run consecutive. And therefore, directly after that, the federal judge says, okay, I'll overrule that objection. So the implication there is that in the federal judge's mind, the appropriate way to be given to the Illinois sentences, or the Illinois convictions, was for that enhancement of that several years. But nevertheless, I mean, we don't need to show that there is harm if, you know, an action of a court is void. We simply need to show that it is. But I think that it's clear that it's not merely a technicality, and that's what's important here. You know, as evidenced by the fact that the trial court actually believed that it did have the authority to do what it did in 2008, which was allow the sentence to be run consecutive, because it wasn't clear until then. And now it's not until 2010, when he is newly sentenced, newly for the first time ordered to run the sentence consecutive, that we now understand what the full implication of the trial court's action back in 1991 was. And with respect to the notion about age, I would simply like to reiterate that 584H could not have been applied in 1991, because there was no federal sentence for it to be applied to. And so for it to be retroactively applied in 2009, in order to accomplish what could not be accomplished in 1991, is a subversion of justice and a subversion of the mandate that a defendant should be sentenced with some definiteness and with regard to his potential for rehabilitation. And with that, I would say these arguments are clearly more fully set forth and more well delineated in all of our briefs. And so we would simply request the panel here be kind enough to take another, a deeper, more nuanced look at this case, for the sake of the defendant, for the sake of the remainder of his time that he has left to spend with his wife, that we suggest that there is a strong indication that at least one, if not two, significant errors which would render this sentence void and unenforceable have taken place over the course of this case. Thank you, counsel. The case is submitted and the court will stand in recess.